PER CURIAM.
This is an appeal of an administrative order that denied appellants’, Charles Brown and John L. Liutermoza, request to record a lien upon a special liquor license and denied appellants’ application for transfer of that license. We affirm.
The licensed premises are owned by appellants. In March, 1978, appellants leased this property and transferred the subject license to the present licensee, Jacob’s Ladder, Inc. After several lease violations, appellants and Jacob’s Ladder placed in escrow an executed transfer application that would allegedly facilitate the transfer of the liquor license back to appellants if Jacob’s Ladder continued to violate the lease agreement. Jacob’s Ladder continued to violate the agreement, and appellants obtained a court order evicting Jacob’s Ladder.
On Janúary 22, 1979, a case officer of appellee, The Department of Alcoholic Beverages, filed charges with his supervisor against Jacob’s Ladder for violating the rules governing special liquor licenses. Later, on February 1, 1979, appellants informed appellee that they had taken possession of the licensed premises and that they were seeking transfer of the license in question to themselves. Appellee informed appellants that it intended to revoke the license and that revocation proceedings were pending. On February 9, 1979, appel-lee sent a notice to show cause and a notice of informal conference to the president of Jacob’s Ladder concerning revocation of its license. Jacob’s Ladder did not contest the charges.
On February 16, 1979, appellants attached their escrow agreement and judgment of eviction to a request for lien filing and sent appellee their application for transfer and request for lien filing. On March 8,1979, appellee returned appellants’ documents and informed appellants that it still intended to revoke the subject license. Since Jacob’s Ladder did not contest the charges, a final order was drafted revoking the subject license, but appellants stopped its effect by obtaining a temporary injunction enjoining appellee from enforcing the order.
On April 12,1979, appellants filed a petition for formal administrative hearing. The hearing officer’s recommended order sustained appellee’s refusal to transfer the license and to record appellants’ lien. Ap- *93 pellee adopted the recommended order, and this appeal followed.[1]
Appellants basically raise these points:
1. Should appellee have recorded appellants’ lien?
2. Should appellee have transferred the license to appellants?
3. Should appellee have been required to state grounds and reasons for its decision refusing recordation and transfer?
With reference to the refusal to record appellants’ claim of lien, the appellee correctly proceeded in accordance with statute. The applicable statute is Section 561.65(1), Florida Statutes (1979) and not, as contended by appellants, Section 561.65(1), Florida Statutes (1981).
Section 561.65, Florida Statutes (1981) states that Section (1) thereof shall have only a prospective application, saying:
Liens or security interests in spirituous alcoholic beverage licenses existing prior to, July 1, 1981, shall not be affected by the provisions of this section.
Clearly appellants’ claim for lien existed prior to the effective date of the 1981 statute and, thus, appellants’ situation is governed by the earlier statute, Section 561.65, Florida Statutes (1979). This earlier statute dealing with a mortgagee’s interest in a license is limited in its application to “any lender licensed by the state.” The record does not reflect and appellants do not contend that they qualify as a lender licensed by the state. And so, appellee properly denied appellants’ request for recordation.
The remaining two points are decided against appellants upon authority of the recent case of Astral Liquors, Inc. and R.J. Mandell Corporation v. State Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, 432 So. 2d 93 (Fla. 3d DCA 1983). There at page 95, the court noted, “[S]ection 561.32(2) places the grant or denial of a license transfer within the discretion of the agency where the licensee has been notified in writing that revocation or suspension proceedings have been or will be brought against the license.” It was held, in essence, that, under the same circumstances as in the instant case, the agency had the discretion to deny a license transfer and that the agency was not obliged to explain its reasons or the policy behind its actions in denying the transfer.
Affirmed.
DOWNEY, HERSEY and WALDEN, JJ., concur.

. Appellants candidly state that they must obtain transfer of this license because new zoning laws have made reissuance impossible.